### S. E. McCONNICO v. STATE.

[65 South. 243.]

CRIMINAL LAW. *Banks. Receiving deposits. Criminal prosecution. Admissibility of evidence.*

It is not admissible in order to show the insolvency of the bank, in a prosecution of a bank cashier for receiving a deposit after he knew or had good reasons to believe the bank insolvent, to introduce the record of a judgment against the bank, from which an appeal has been taken and is still pending.

APPEAL from the circuit court of Carroll county.

HON. J. A. TEAT, Judge.

S. E. McConnico, was convicted of receiving a deposit in a bank, of which he was cashier, when he knew, or had good reasons to believe, the bank insolvent, and appeals.

The facts are fully stated in the opinion of the court.

*Monroe McClurg, S. E. Turner, J. W. Conger* and *A. A. Armistead,* for appellant.

*Noel, Boothe & Pepper,* and *Frank Johnson,* assistant attorney-general, for the state.

COOK, J., delivered the opinion of the court.

Appellant was convicted for receiving a deposit in a bank of which he was cashier which he knew or had good reason to believe was insolvent at the time.

Numerous reasons for the reversal of this case are assigned and earnestly argued in the briefs of counsel for appellant, but as we see it the decision of one point will be determinative; it is unnecessary to consider anything but this single question.

The book assets of the bank are largely in excess of the liabilities; but evidence was introduced by the state tending to show that many of the items appearing on the books as assets were, in fact, incapable of being reduced to cash.

In order to establish the insolvency of the bank, the court permitted the state to introduce in evidence, over the objections of defendant, the record of a judgment rendered by the circuit court against the bank for nine thousand, three hundred and twenty-two dollars and twenty-five cents in favor of the Bank of Winona.

The record shows that, at the time the record of the judgment was introduced in evidence, the bank against which it had been rendered had perfected its appeal from said judgment, and the appeal was then pending in this court. The judgment having been appealed from, the record of same was not evidence tending to show that the claim on which it was based was in fact a liability of the bank of which appellant was cashier. The introduction of the judgment was error, and therefore the judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*