BELZONI LAND CO. *v.* ROBERTSON, STATE REVENUE AGENT.

[87 South. 669. No. 21548.]

1. APPEAL AND ERROR.  *Supreme Court judge has power to grant appeals with supersedeas from judgment establishing lost record.*
   A judge of the supreme court has power, under section 4908, Code 1906 (section 3186, Hemingway's Code), to grant an appeal with *supersedeas* to the supreme court from a final judgment of a circuit court establishing a lost record of such court.

2. APPEAL AND ERROR.  *Judgment, establishing lost record, from which appeal with supersedeas pending, not admissible in another suit as evidence.*
   The record of a court, which has been lost and which has been re-established under section 3173, Code of 1906 (section 2514,

Hemingway's Code), and from which judgment re-establishing it an appeal with *supersedeas* has been prosecuted to the supreme court and is pending, cannot be used in evidence in another suit pending such appeal. The effect of the *supersedeas* is to prevent the use of the judgment during the time it is superseded. The judgment appealed from lies dormant, and no action can be taken which depends upon the judgment for its validity. *McConnico* v. *State*, 107 Miss. 265, 65 So. 243, cited.

APPEAL from chancery court of Humphreys county.

HON. E. N. THOMAS, Chancellor.

Suit by Stokes V. Robertson, State Revenue Agent, against the Belzoni Land Company. Decree for plaintiff, and defendant appeals. Affirmed.

*J. M. Cashin,* for appellant.

*Stokes V. Robertson* and *T. R. Foster,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The state revenue agent filed a bill in the chancery court, alleging that his predecessor in office had caused a back assessment to be made against the appellant for the years 1909 to 1914, both inclusive, and that the tax assessor made the said assessment for thirty thousand dollars, for each of said years, and certified the same to the board of supervisors, and that the board of supervisors disallowed said assessment, and an appeal was taken to the circuit court, and that the said court approved the said back assessment at the valuation of thirty thousand dollars, for each of said years. A copy of the judgment of the circuit court was made an exhibit to the bill. He further alleged that for the year 1909 the state tax levy was six mills on the dollar, and that the state taxes amounted to one hundred eighty dollars for said year; that for the year 1910 the state tax levy was six mills on the dollar, and amounted to one hundred eighty dollars and for each of the subsequent years the state tax levy was the same, and the

amount of state taxes on the said assessment was the same, making a total amount of taxes due the state on said assessments one thousand eighty dollars. The bill set forth the amount of the county levy for the county taxes for each of the said years, and the respective amount of county taxes for each of said years, aggregating one thousand three hundred eighty dollars. It also set forth the levies or rates of taxation for the Mississippi levee district for each of the said years, and that they aggregated two thousand twenty-five dollars, making a grand total of all of the taxes due the state, county, and levee district, four thousand four hundred eighty-five dollars.

It was further alleged that the defendant, the appellant here, did not own personal property, and never had any assets other than land, and that said defendant had sold a great part of its land, and that the remaining land was then in demand, and that the complainant is advised that the defendant is offering all of its land, constituting the whole of its remaining assets, for sale for the purpose of applying the proceeds of the sale to the payment of dividends among its stockholders so as to place its property and effects beyond the reach of its creditors and especially the state of Mississippi, the county of Washington, and the Mississippi levee district, which bodies the revenue agent claims to have represented in his official capacity, and alleged that if said sales were permitted said corporation would become insolvent, and prayed for an injunction, restraining the defendant from selling its lands, and that a notice lis pendens be filed so as to become a lien upon the property, and also prayed for a personal decree against the defendant for the above-stated amount and for general relief.

Upon this bill an injunction was issued, restraining the defendant from selling its property. The defendant answered, denying that complainant's predecessor, the state revenue agent, had assessed it for taxes due the state of Mississippi, the county of Washington, and the Mississippi levee district for the said years, and denied that any as-

sessment for either of said years was made in the manner
provided by law, and denied that the board of supervisors
had disallowed or disapproved of any assessment against
its capital stock made at the instance of the revenue agent,
and denied that the revenue agent had prayed for and was
granted an appeal from the circuit court from any order
of the board of supervisors disapproving any said assess-
ment, and denied that in the circuit court this matter came
on for hearing, and that said assessment was duly ap-
proved at and for the valuation of thirty thousand dollars
on its capital stock for each of the years mentioned, and
denies that there is any record of Washington county,
Miss., showing said alleged facts.  It denied also that it
owed or was indebted to the state, county, and levee dis-
trict for taxes for said years, and denies that its capital
stock was ever assessed for taxation in the manner pro-
vided by law, and denies that its capital stock is subject
to taxation in the manner alleged by the complainant, and
denied that any sum of money is due or owing by it to the
complainant, or that the same had ever been demanded.
It admitted that it took no appeal from the order or judg-
ment of the circuit court mentioned in the complainant's
bill, and admits that it failed to pay the sum mentioned
by the complainant in said bill, and denies that it owes
the complainant that or any other sum.  The answer then
avers that the order and judgment of the circuit court ap-
proving the pretended assessment mentioned in the bill
added nothing to the efficacy of an utterly void assess-
ment, and for this reason it took no appeal from the said
order.  It also denied that it has never owned personal
property of any consequence, and alleges that it has sold
lands on credits secured by notes and deeds of trust, all
of which is alleged to be known to the complainant.  It
also denied that if permitted to sell its remaining lands
it will withdraw and divert from its purpose its capital
and make dividends that would render it insolvent, and
denies that if its lands were sold it would be rendered in-
solvent.  It then averred that on March 27, 1915, J. C.

Johnston, then state revenue agent, gave notice to the tax assessor of Washington county, Miss., in accordance with section 4740, Code of 1906 (section 7058, Hemingway's Code), to back-assess this defendant and other corporations in Washington county, Miss., for taxes on its capital stock for the years 1909 to 1914, inclusive, and directed the assessor to give notice to the defendant that it had been back-assessed by the tax assessor on thirty thousand dollars for each of the years 1909 to 1914, inclusive; that the said notice was dated March 27, 1915, and that the next meeting of the board of supervisors before which the corporations were notified to appear and object to said assessment was held on the first Monday of April, 1915, which was the 5th day of that month, so that ten days' notice in writing was not given to this defendant, pretended to be thus assessed by the said assessor, under the direction of the revenue agent, as required by section 4740, Code of 1906. It further alleged that the assessment roll for the year 1915 was on said date in the hands of the assessor in process of making, to be returned by him to the board of supervisors on the first Monday of July, 1915, that the assessment roll for the fiscal year 1914 was then in the hands of the tax collector of Washington county, and also that the defendant had not received any notice as required by law. This defendant's attorney examined the assessment roll for 1915, and found the assessor had not made any assessment against this defendant at the instance of the revenue agent, and so there was no assessment before said board of supervisors to approve or disapprove. It then avers that the said defendant and the board of supervisors accidently discovered that said tax assessor had pasted the sheets given him by the revenue agent in the back of the 1914 roll. It then averred that this did not constitute an assessment, and that the defendant was not required to recognize this as an assessment, or to object to it: First, because it is alleged it was a mere nullity; and, second, because it is alleged that it had not received any notice or been given ten days' notice by

said section, as required by section 4740 of the Code. It further alleged that on the 5th day of April, 1915, the board of supervisors made an order rejecting said assessment. It is further alleged that subsequent to April 4, 1915, a representative of the revenue agent had an interview with the president of said corporation with the view of fixing the amount at which the defendant should be assessed, and that it was agreed that the matter should be taken up at some later date, and that in the meantime no steps should be taken against it by the revenue agent. It is also averred that without further negotiations with the defendant, and in violation of the said agreement, on the 7th day of December, 1915, the said attorney for the revenue agent caused to be entered on the docket of the circuit court of Washington county, Miss., a case styled *J. C. Johnston, State Revenue Agent,* v. *Ritchie Land, Improvement & Manufacturing Co., et al.,* No. 1736 on said docket; and caused the clerk of the said court to enter the order made exhibit to the complainant's bill above referred to. Thereafter on application the answer was amended in various particulars.

The original papers during the progress of the chancery suit were lost, and a proceeding was undertaken in the circuit court to restore the record under the provisions of section 3173, Code of 1906 (section 2514, Hemingway's Code). The revenue agent answered this petition to restore, setting forth in the answer certain features of the petition which were alleged to be incorrect, and also alleging that the heirs of J. C. Johnston, the former revenue agent who had died subsequent to the said assessment, were interested in the result of the suit to the extent of his commissions, and should be made parties. It was also alleged that Washington county and the Mississippi levee district were parties interested, and should be made parties defendant to the petition to restore the record. The revenue agent was given eleven days' notice of the petition to restore by summons, and objected to proceeding with the trial to restore the record at that term for the

reason that thirty days had not been given him. The circuit court proceeded to hearing, and entered an order establishing the records as set forth in the defendant's petition. From this judgment the revenue agent took an appeal to this court, which has not yet been decided, and obtained from the writer an appeal with *supersedeas* from said order. When the case came on for trial in this cause the revenue agent introduced the order of the circuit court of Washington county, making the assessment and directing it to be certified to the tax collector, reciting in the said order that more than ten days had been given before the board of supervisors, and further reciting that no objections had been filed to the assessment in that court. When the revenue agent rested his case the defendant offered the record as re-established by the circuit court, from which judgment the appeal with *supersedeas* had been allowed, to which evidence the revenue agent objected: First, because it would be a collateral attack upon the judgment of the circuit court; and, second, because the papers do not purport to be the papers in the original file in the case, but a purported substituted file, and that an appeal had been granted to the supreme court from the final order of the circuit court in attempting to re-establish said file of papers with *supersedeas*. The revenue agent offered in evidence the petition for the appeal and *supersedeas* and the order granting the same.

The defendant did not seek to make its answer a cross-bill, and have the judgment of the circuit court making its assessment against it enjoined and canceled as being void *ab initio;* nor did it seek in this proceeding to show the contents of the papers which were lost by secondary evidence. It is contended by the appellant that the action of the judge of the supreme court in granting an appeal with *supersedeas* is void, and that the record sought to be introduced is validly established by the judgment of the circuit court, and that no appeal lies from the order of the circuit court re-establishing the record, but, if an appeal does lie from said order, that still it is admissible in evi-

dence because the appeal does not destroy the judgment of the circuit court. The decree of the chancellor was for the complainant.

We are not advised what reasons were announced by the chancellor for his decree, nor what his opinion was as to the various questions that arise in the case. At the threshold of the appellant's case is the question as to whether the record re-established by the circuit court from which an appeal was prosecuted with *supersedeas* is admissible in evidence in this case. We are not impressed with the argument that a judge of the supreme court has no power to grant an appeal or to grant a *supersedeas*. The statute expressly empowers the judges to grant such appeals, and also the power to grant *supersedeas*. Section 4908, Code of 1906 (section 3186, Hemingway's Code). The appeal and the *supersedeas* are directly pertaining to the jurisdiction of this court, because judgment having been rendered and an appeal lying from final judgments of the circuit and chancery courts. 34 Cyc. 610, and authorities cited.

The next question is, What effect does a *supersedeas* have upon the judgment superseded? Is a judgment superseded a thing that can be used either in attack or defense?

Bouvier's Law Dictionary (8th Ed.) vol. 3, defines *supersedeas* as follows: "The name of a writ containing a command to stay the proceedings at law.

"An auxiliary process designed to supersede the enforcement of the judgment of the court below, brought up by writ of error for review."

In 8 Words & Phrases, p. 6796, it is said that:

"Whatever is done under the judgment after and while it is suspended, being done without authority from the judgment, which is then powerless, should be set aside as improperly and irregularly done."

The effect of the *supersedeas* is to prevent the use of the judgment during the time it is superseded. The proceeding lies dormant; no action can be taken which has its

foundation in the judgment. This court has decided heretofore that it is not admissible in evidence. See *McConnico* v. *State,* 107 Miss. 265, 65 So. 243. In that case it was sought to prove a debt to a bank by judgment against the bank, from which judgment an appeal had been prosecuted. In the course of the opinion Judge Cook, speaking for this court, said:

"In order to establish the insolvency of the bank, the court permitted the state to introduce in evidence. over the objections of defendant, the record of a judgment rendered by the circuit court against the bank for nine thousand three hundred twenty-two dollars and twenty-five cents in favor of the Bank of Winona.

"The record shows that, at the time the record of the judgment was introduced in evidence, the bank against which it had been rendered had perfected its appeal from the said judgment, and the appeal was then pending in this court. The judgment having been appealed from, the record of same was not evidence tending to show that the claim on which it was based was in fact a liability of the bank of which the appellant was cashier. The introduction of the judgment was error."

This being true, it was not permissible to introduce the re-established record pending an appeal with *supersedeas,* and the judgment of the circuit court, being a court of general jurisdiction, carries with it verity as to its recitals of. jurisdictional matters. Looking at the record before us in the light of these principles, the chancellor was correct in rendering the judgment. We do not deem it necessary now to decide what effect this record would have had upon the judgment had no appeal been prosecuted. It is unnecessary in this regard to decide the other questions presented, and the judgment is affirmed.

*Affirmed.*