McDowell *et al. v.* Minor.

(Division B. Oct. 20, 1930.)

[130 So. 484. No. 28297.]

L. T. Kennedy and W. C. Martin, both of Natchez, for appellant.

Engle & Laub, of Natchez, for appellee.

Argued orally by **L. T. Kennedy** and **W. C. Martin,** for appellant, and by **S. B. Laub,** and **L. A. Whittington,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, D. G. Minor, was appointed administrator of the estate of his mother, Mrs. K. S. Minor, deceased, on February 18, 1926. On the 20th day of January, 1927, or approximately eleven months after his appointment, appellee probated his individual claim against said estate in the sum of ten thousand three hundred fifty-two dollars and nineteen cents, which claim, being contested, was allowed by the court to the extent of three thousand five hundred sixty-three dollars and seventy-six cents, and the contestants appeal.

By section 1849, Hemingway's Code 1927, it is made the duty of an administrator to speedily pay the debts due by the estate, provided he shall not pay any claim until probated; and by section 1853 of said Code an administrator is required to probate any individual claim held by him in the manner as other claims are probated. By section 1847 of said Code it is made the duty of the administrator to publish a notice to creditors requiring all persons having claims against the estate to probate same within six months, in default of which they will be barred.

Since the administrator is required to speedily pay the debts, and yet can pay none until probated, it follows that it is his duty to speedily publish the notice to creditors last above mentioned. The record does not show when in fact the notice was published in this case, but assuming, as we must, that it was done in accordance with the duty of the administrator to do it, speedily or within a prompt time, then we must assume that the publication was completed not later than, say, the 1st of April, 1926. The six-month period following this would expire October 1, 1926, and since on the face of the record it plainly appears that this claim was not probated until January 20, 1927, it is equally plain that it was too late and that the probate is a nullity.

And the same result must follow, although it may be that the notice to creditors was not published promptly and was delayed by the administrator, so that the date of the actual publication was such that the probate in question was within the period of six months thereafter. For, laying aside the consideration that no notice was necessary to be given by the administrator to himself to probate his own claim, he could not delay in his duty to make prompt publication and thereafter take advantage of that delay in his own behalf. It is a maxim as old as the law itself that no person shall avail of his own wrong or default.

Reversed and remanded,