McDOWELL *et al. v.* MINOR.

(Division B. June 6, 1932. Suggestion of Error Overruled Sept. 26, 1932.)

[142 So. 491. No. 29872.]

See, also, 158 Miss. 788, 131 So. 278; 159 Miss. 572, 132 So. 565.

**L. T. Kennedy,** of Natchez, for appellants.

Engle & Laub and L. A. Whittington, all of Natchez, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

In McDowell v. Minor, 158 Miss. 360, 130 So. 484, we held that administrators must publish notice to creditors of the estate to probate all claims against estates within six months, and that administrators must probate their own claims within the six months' period, and that administrators must probate their individual claims whether they speedily publish notice or not, that they cannot delay to make prompt publication of notice to creditors and thereafter take advantage of delay in their own behalf, and that claims against the estate not probated within the statutory period could not be allowed. To the same effect is McDowell v. Minor, 158 Miss. 360, 130 So. 485.

On a remand of the case, the administrator sought to get advantage of his claims disallowed on the former appeal because not probated within the six months' period, by filing an accounting as agent of his mother for a period of six years anterior to her death, her estate being then administered, thus getting credit for the same accounts which had been disallowed on the former appeal.

It is clear that this cannot be done. When the administrator in the case at bar failed to probate his claims against the estate within the statutory period, his claims became barred. By section 1677, Code 1930, an executor or administrator shall not be allowed to retain any part of the assets in payment of his own claim against the deceased, unless the same be probated and registered as other claims and passed by the court, and every such

claim shall stand upon an equal footing with other claims of the same nature.

It was therefore error for the chancellor, under the guise of an accounting, to allow to the administrator the items of his claim which had accrued prior to the death of the person whose estate was being administered.

It is contended by the appellee, however, that the case of McDowell v. Minor, 158 Miss. 788, 131 So. 278, authorizes an accounting to be filed and credits to be allowed, provided the amount shown to be due the estate was more favorable to the estate than the account of the administrator.

We do not think that decision authorized the chancellor to allow the items of an account not probated and allowed as required by law. Such items cannot be used against the estate, not having been probated as required. In effect, they ceased to be liabilities against the estate when the administrator failed to probate them.

On filing an inventory, had the administrator so desired, he could have set down all property in his hands with his claims against the estate in the form of an account, have had the items there probated and presented for consideration, and allowance by the court; but, having permitted the time to pass in which his claims could be probated and allowed, he cannot now have the benefit of them against the estate.

As to services rendered after the death of the decedent in the management and operation of the farm and property constituting real estate, the agency ceased at the death of the mother, and the contract of agency thereby terminated. There is nothing, so far as we can see, justifying the administrator, as such, in operating the farms or handling the real estate, as there appears to be ample personal property and money to pay all claims of whatever nature against the estate.

It may be that as to this, an accounting could be had between the heirs at law, but we do not care to express any opinion upon this proposition.

It is clear that the administrator cannot be allowed compensation as agent, or at the rate of the agency contract, subsequent to the death of the mother.

The judgment of the court below will be reversed, and the cause remanded, with directions to disallow all claims of the administrator accruing prior to the death of the decedent, and also disallowing any claim after the death of the decedent, as agent of decedent under any theory of contract.

Reversed and remanded.