McDowell *et al. v.* Minor.

(Division A. April 1, 1935. Suggestion of Error Overruled Mar. 30, 1936.)

[160 So. 389. No. 30993.]

Kennedy & Geisenberger and **W. C. Martin,** all of Natchez, for appellants.

Engle & Laub and Luther A. Whittington, all of Natchez, and Watkins & Eager, of Jackson, for appellee.

854

Reed & Chapman, of New York, for heirs; **C. F. Patterson**, of Natchez, for motion to revive.

Argued orally by **L. T. Kennedy**, for appellant, and by **W. H. Watkins** and **L. A. Whittington**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is the eighth time some branch of the controversy between these parties has been before this court, and the nature of the controversy sufficiently appears in the opinions rendered on these previous appeals. On the last former appeal a decree of the court below, confirming appellee's final account in his administration of the estate of his deceased mother, was reversed, and the cause was remanded, with directions as to the manner of restating the account, and the opinion on that appeal is reported in 169 Miss. 339, 142 So. 491. Upon the remand of the cause,

the appellee, administrator, filed a restatement of the account, and eliminated therefrom certain items of debit and credit and charged himself with a balance in his hands for distribution of two thousand three dollars and fifty-one cents. Thereupon, upon petition of appellants, a master was appointed to state the account in accordance with the directions of this court in the opinions rendered on the former appeals.

After a full hearing before the master, he submitted his report and restatement of the account, in which all charges or debits set forth in the administrator's account were allowed, except the controverted item of fourteen thousand three hundred thirty-one dollars and eight cents, charged as being the amount due and owing by the administrator to his mother's estate. In lieu of this item he charged the administrator with all items of indebtedness which accrued during the three-year period immediately preceding the death of the decedent, amounting to twenty-five thousand two hundred thirty-six dollars and fifty-eight cents, and disallowed all credits claimed against this sum on the basis of a mutual accounting between the decedent and her agent, the present appellee, and allowed interest on said sum on a basis set forth in his report. The total charges made by the master, including interest, amounted to fifty-two thousand five hundred sixty-seven dollars. As against the total charges, he allowed all controverted items of disbursement, which with the undisputed items amounted to thirty-five thousand four hundred forty-one dollars and eighty-one cents, leaving a balance of seventeen thousand one hundred twenty-five dollars and nineteen cents charged against the administrator.

Both the appellants and the appellee filed exceptions to the master's report, and upon the hearing thereof the court disapproved the master's report and confirmed the appellee's final account in all respects, and from that decree this appeal is prosecuted.

In our opinion the decree of the court below does not follow the directions of this court as found in the former opinions in this cause, and particularly the opinion reported in 169 Miss. 339, 142 So. 491, which constitute the law of the case, and therefore the decree of the court below will be reversed and a decree will be entered here approving and confirming the final account of the administrator as corrected and restated in accordance with directions herein.

All undisputed items of debit and credit will be approved as they appear in the account. The charge of fourteen thousand three hundred thirty-one dollars and eight cents denominated in the account "Amount due by D. G. Minor, Agent, to Mrs. K. S. Minor in accounting for the years 1918 to 1926 as submitted by D. G. Minor, individually, and reported as a debit due the estate in inventory filed on the 21st day of May, 1927," will be eliminated. As to the items of indebtedness of D. G. Minor to Mrs. K. S. Minor at the time of her death, the three-year statute of limitations will be applied, and in lieu of the item of fourteen thousand three hundred thirty-one dollars and eight cents the administrator will be charged with receipts of twenty-five thousand two hundred thirty-six dollars and fifty-eight cents, as shown by his reports for that period, and against this sum all credits, consisting of unprobated items for which the administrator seeks credit under the form of a mutual account, leaving a purported balance due his mother of fourteen thousand three hundred thirty-one dollars and eight cents from 1918 to her death, or ten thousand two hundred seventy-five dollars and ninety-seven cents for the three-year period antedating her death, are disallowed.

On the 21st day of May, 1927, the appellee filed an amended and supplemental inventory in which he charged himself with fourteen thousand three hundred thirty-one dollars and eight cents as the "total amount due by D.

G. Minor, Agent of Mrs. K. S. Minor, in settlement of mutual accounts and dealings, as per full statements submitted herewith,'' and both the master and chancellor charged the appellee interest on this sum only to the date of this inventory. The administrator and the debtor for this sum are one and the same individual, and a mere book entry or charge by the administrator of the indebtedness due the estate by himself would not stop the running of interest per se, ''but only the fact that the debt was paid or its amount shown to be actually in the hands of the representative as such'' would have stopped the running of interest. 23 C. J. 1203.

On September 18, 1929, the court below entered a decree ordering D. G. Minor, individually, to pay ''to said estate the sum of $14,331.08 in full settlement of all indebtedness due by him to Mrs. K. S. Minor, deceased, from January 1, 1918, to February 16, 1926,'' and shortly thereafter, or on October 22, 1929, upon consideration of a final account filed by the administrator, the court entered a decree directing him to charge himself with interest on the said sum of fourteen thousand three hundred thirty-one dollars and eight cents, appearing thereon, from the date of the death of the decedent to the date of filing the said amended inventory, and approving the account as therein directed to be amended, and ordering a partial distribution. We think the said decree of September 18, 1929, conclusively shows that prior to that date the said sum of fourteen thousand three hundred thirty-one dollars and eight cents was not actually in the hands of the administrator as such, but, since it was shortly thereafter reported in a final account as being ready for distribution, we will assume that the administrator promptly complied with the order of the court by paying the said sum into the estate, and interest thereon will be charged only to the date of such decree.

Upon the final and additional charge of twenty-five

thousand two hundred thirty-six dollars and fifty-eight cents interest at six per cent will therefore be charged from the date of the death of the decedent to September 18, 1929, the date of the decree ordering the sum of fourteen thousand three hundred thirty-one dollars and eight cents to be paid into the estate, and from that date to the date of the decree herein interest will be charged on the unacknowledged and unreported balance of ten thousand nine hundred five dollars and fifty cents, all aggregating the sum of nine thousand fifty-four dollars and thirty cents.

As against these charges, all disputed items of credit are allowed, except an item of three hundred fifty-eight dollars and eighty-seven cents for expenses incurred in managing farm properties of Mrs. K. S. Minor from February 17, 1926, the date of her death, to January 1, 1927. This item "for service rendered after the death of decedent in the management and operation of the farm and property constituting real estate" is disallowed under the express directions of the court in McDowell v. Minor, 169 Miss. 339, 142 So. 491. With this item eliminated the credits to be allowed the appellee aggregate the sum of thirty-five thousand eighty-one dollars and sixty-three cents.

In the final decree to be entered herein the appellee will therefore be charged with the total sum of fifty-six thousand three hundred twenty-five dollars and eleven cents and credited with total disbursements amounting to thirty-five thousand eighty-one dollars and sixty-three cents, leaving a balance of twenty-one thousand two hundred forty-three dollars and forty-eight cents due at this time, and the final account so corrected and restated will be approved, ratified, and confirmed as the true and final account of D. G. Minor, administrator of the estate of Mrs. K. S. Minor, deceased, and distribution of the above-stated balance will be directed and ordered.

The record discloses that at one stage of this proceed-

ing a decree was entered ordering the sale of twenty-nine thousand four hundred fifty-two pounds of lint cotton belonging to the decedent at the time of her death. On appeal this decree was reversed generally, and thereafter a decree was entered reciting that by consent of all of the parties this cotton was ordered to be divided in kind. This decree was afterwards reversed, and later another decree was entered directing the division in kind of this cotton. While it is now contended that the appellants did not consent to either decree ordering a division of this cotton, and that they are now entitled to recover from appellee the value of the cotton at the time it was ordered to be sold, it appears from the proof in this record that at least one of the attorneys for appellants read the purported consent decrees and made no objection thereto at the time. In view of this fact and the further fact that the decree ordering the sale was appealed from and reversed generally, we think the claim of appellants for the value of the cotton should be denied, and that such cotton should be divided equally between the distributees, and it will be so ordered.

Appellants sought an allowance of attorneys' fees out of the assets of the estate for the services of attorneys in this litigation, and particularly in reference to the amount properly chargeable against the administrator as his indebtedness to his mother's estate. Shortly after the appellee was appointed administrator of the estate, one of the appellants was appointed special administratrix to institute such suits or proceedings as might be necessary to collect from said D. G. Minor any sums due the estate by him. Thereupon the special administratrix instituted a suit against D. G. Minor seeking an accounting of the dealings between him and his mother for the years from 1881 to the date of her death in 1926. From a decree overruling a demurrer to the bill filed in that cause, there was an appeal to this court, and in an opinion reported in 113 So. 576, the court held that all claims

in favor of the estate that originated more than three years prior to Mrs. K. S. Minor's death were barred by the statute of limitations of three years, and reversed the decree of the court below. That cause does not appear to have been prosecuted further, and nothing was recovered therein, and thereafter the controversy between the parties appears to have been prosecuted principally by objections and exceptions to annual and final accounts filed by the administrator in the course of his administration of the estate. While the litigation has finally resulted in placing into the assets of the estate a sum in excess of that reported by the administrator for final distribution, in view of the complicated nature of the controversy and uncertainty as to the rights and duties of the administrator in respect to these matters, we do not think the objectors are entitled to an allowance out of the funds of the estate for the services of attorneys in prosecuting these objections and contests, and their claim for such fees will be denied.

So ordered.