Jennings v. Shapira.

[95 South. 305. Nos. 22918, 23036.]

1. Account. *Will compel accounting under agreement for equal division of crop under farm agreement, and will deduct expenses first.*

    S. may be compelled in a court of equity to account to J. for the proceeds of crops grown by S. on the land of J. under an agreement that the expense of making the crop should be borne equally by S. and J., the amount thereof to be first deducted from the proceeds of the crop, and the remainder divided between them equally, or that S. should supervise the growing of the crops and receive one-half of the net profits thereof for his services in so doing.

2. Injunction. *Should not be dissolved when evidence relative to question relating to merits of controversy conflicting.*

    Where the dissolution of a temporary injunction depends upon the determination of a question relating to the merits of the con-

troversy, and the evidence relative thereto introduced on the motion to dissolve is conflicting, the injunction should not be dissolved, but should be retained until the cause is heard on its merits.

3. APPEAL AND ERROR. ' *Lower court without power to proceed further with trial until appeal disposed of.*

When an appeal has been granted to settle the principles of a case, the court from which the appeal is taken is without power to proceed further with the trial thereof until the appeal has been disposed of.

APPEAL from chancery court of Tallahatchie county.

HON. G. E. WILLIAMS, Chancellor.

Suit by E. H. Shapira, against Nellie Jennings. Decree for plaintiff, and from an order denying appeal from an order dissolving an injunction, and from a decree dismissing the bill, defendant appeals. Reversed and remanded.

*Julian C. Wilson,* for appellant.

*Cutrer & Smith* and *D. E. Ellis,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the appellant at law on a promissory note for five thousand dollars executed and delivered by her to him, whereupon she sued out an injunction against him restraining him from further prosecuting the action at law, and praying for an accounting from him as to his management of a business enterprise in which they were jointly interested, and as a part of which the promissory note in question was executed.

The bill alleges, among other things: That the appellant is the owner of a plantation in Tallahatchie and Quitman counties, and that the appellee farmed the plantation during the years 1919 and 1920 under an agreement with her by which he was to take charge of the land "together with the mules and implements thereon, and that the two were to make a crop in partnership, to share profits and losses equally. They were to pay the expenses of making the crops, which were to be deducted from the proceeds

thereof, and then the complainant was to have seven thousand five hundred dollars as rent which was figured on a basis of about twenty dollars per acre, and thereafter they were to share the profits equally." That the promissory note on which the appellee had sued her was executed to him for money advanced her by him with which to finance their farming operations, he representing to her that it was necessary and proper for that to be done. That the appellee has disposed of all of the crops raised on the place during the years 1919 and 1920, and has not accounted to her therefor. The prayer of the bill, in addition to that for the injunction, and that the appellant answer certain intererogatories, is that—"The court decree an accounting between the partners, and establish the same, and strike a balance and adjudge what each owes the other, and render judgment therefor."

The appellee answered this bill of complaint, denying that the agreement between him and the appellant was as set forth therein, but that it was that the appellee should manage the plantation, the appellant to pay all of the expenses of making the crops, and that the appellee should receive one-half of the net profits thereof as compensation for his services. The answer further alleges that no profits were made, but, on the contrary, the proceeds of the crop were insufficient to pay the expenses incurred in making them.

The appellee filed a motion in vacation to dissolve the temporary injunction that had been granted, and the cause was then heard on the oral testimony of witnesses. The agreement between the appellant and the appellee under which the plantation was farmed was oral, and the evidence introduced by the appellant sustained the allegation in her bill relative thereto, except that, when the agreement was made, the question of losses was not specifically mentioned. The evidence of the appellee as to this agreement was in accord with the allegations of his answer. On this evidence the chancellor dissolved the injunction, and refused the appellant an appeal therefrom to this court to settle the principles of the case, whereupon such an ap-

peal was applied for to and granted by a judge of this court. While this appeal to settle the principles of the case was pending, the regular term of the court below came on, and, over the protest of the appellant, the cause was tried on its merits on the evidence introduced before the chancellor on the motion to dissolve the injunction, and a decree was rendered dismissing the bill, from which an appeal was also taken to this court. The two appeals were submitted and will be decided together.

It is immaterial whether the contention of the appellant or of the appellee as to the agreement under which the plantation was farmed is correct, because in either event the appellant is entitled to an accounting from the appellee and to a credit on the promissory note in question of any amount that the appellee may be due her as her share of the profits, if any, of the business. Moreover, the evidence on the motion to dissolve the injunction was in conflict as to what the agreement between the parties was, which conflict can only be determined when the cause is tried on the merits.

When an appeal has been granted to settle the principles of a case the court from which the appeal is taken is without power to proceed further with the trial thereof until the appeal has been disposed of. To hold otherwise would simply nullify the statutes granting the right to such an appeal. The decree rendered on the preliminary motion and that on its merits will both be reversed, and the cause remanded.

*Reversed and remanded.*