McDowell *et al. v.* Minor.

(Division A.   March 2, 1931.)

[132 So. 565.   No. 28746.]

Kennedy & Geisenberger and Martin & Byrnes, all of Natchez, for appellants.

L. A. **Whittington** and **Engle & Laub**, all of Natchez, for appellee.

Argued orally by **W. C. Martin** and **L. T. Kennedy**, for appellant, and by **Luther A. Whittington**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

An appeal is prosecuted here by the heirs at law, Mrs. McDowell and Mrs. Schushardt, from a final decree approving the original account of the administrator of the estate of Mrs. K. S. Minor, deceased. The parties to this litigation are the heirs at law of the decedent.

The appeal here involves the same accounts and the same items carried forward into the final account, which was before this court in cause No. 28450, reported in 131 So. 278, in which case the facts up to that time are fully stated, and therein this court reversed and remanded the case for a new trial on the pleadings and the facts.

Cause No. 28450 involved a mutual account filed by D. G. Minor, who was the executor of the estate, and son of the decedent, against his mother, involving items of account from 1918 to the year 1926, both inclusive; which mutual account was approved by the lower court in September, 1929, and appeal was prosecuted to this court therefrom. On October 21, 1929, the court approved the final account, and, in substance, approved his decree rendered in September on the mutual account, by allowing the balance to be brought forward from that account into the final account while cause No. 28450 was pending in

this court. This same matter in controversy was before this court at the same time in cause No. 28296, reported in 130 So. 485, and cause No. 28297, in 130 So. 484, both of which probated claims were disallowed by this court subsequent to the final decree appealed from in the present case.

From the briefs of counsel for appellants and appellee it appears that both sides to the controversy realize and say that this cause must be reversed and remanded, to be tried by the lower court under the directions found in the opinion in 131 So. 278. Counsel for appellants, however, insist that, although the case may be reversed and remanded, the court should now express its opinion upon the legal propositions involved in the controversy.

The record in the case is in no less complicated condition on this appeal than when it was considered by the court in cause No. 28,450. There are more pleadings, because the entire final account is brought here, but no more light. All the reasons which existed for reversing and remanding the case on the former appeal are but emphasized and intensified by the record before us. A considerable sum is involved in the controversy, and there may be important legal questions to settle, dependent. however, upon the facts directed to be ascertained.

While an appeal was pending. the chancery court should not have proceeded with the final account, which was necessarily made up of items involved in the pending appeal. The identical persons and subject-matter involved in the former appeal of this case are necessarily involved in the approval of the final account. It was, in fact, the same case in this behalf.

In the case of Jennings v. Shapira, 131 Miss. 596, 95 So. 305, 306, this court said: "When an appeal has been granted to settle the principles of a case the court from which the appeal is taken is without power to proceed further with the trial thereof until the appeal has been disposed of. To hold otherwise would simply nullify the

statutes granting the right to such an appeal.'' The reason for the rule is even more apparent in the instant case.

With the situation as depicted by Judge Griffith in the former opinion, we do not feel warranted in expressing an opinion upon the legal propositions involved in the case, even if we thought the law permitted us to do so.

Reversed and remanded.