LINDSEY *v.* LINDSEY.

Jan. 25, 1954

No. 39055          50 Adv. S. 49          69 So. 2d 844

*Ernest Shelton, V. J. Stricker, Jr.,* Jackson, for appëllant.

*Marvin A. Cohen, Jewelle Scales,* Jackson, for appellee.

722

LEE, J.

This is an appeal by A. P. Lindsey from a decree of the Chancery Court of Hinds County, which, in response to the petition of Mrs. Jewel Noblin Lindsey, adjudged him guilty of contempt of court for failure to pay alimony.

The facts in connection with the origin and inception of this case are detailed at length in the opinion in the case of A. P. Lindsey v. Mrs. Jewel Noblin Lindsey, No. 38986, which was affirmed by this Court on January 11, 1954, and is reported in Miss. Advance Sheets, Vol. 48, page 8. In that case, the appeal was taken from the provisions of a decree of date of December 5, 1952, which required Lindsey to pay to Mrs. Lindsey (1) $500 as a lump sum settlement for all sums due her under the terms and provisions of former decrees and for application on her medical bills and other debts, (2) $100 per month thereafter for her support and maintenance, and (3) $150 for attorney's fees.

After the appeal in that cause had been perfected, with supersedeas, Mrs. Lindsey filed a petition for the enforcement of the terms of a decree of date of February 6, 1950, claiming that Lindsey was in arrears for support and other items due thereunder in the aggregate sum of

$467.75. Notwithstanding the pending appeal with supersedeas, from the decree of December 5, 1952, wherein the arrears in alimony, medical expenses and other debts were commuted into a lump sum of $500, and wherein he was ordered to pay that sum, together with attorney's fees and an increased monthly support, the court heard the cause, and by decree of April 10, 1953, adjudged him to be guilty of contempt for failure to pay $567.75 and committed him to jail until he should pay the same. He was also ordered to pay attorney's fees.

The trial court thus passed upon the same matters, in part, which had been determined in the previous decree of December 5, 1952. Since an appeal with supersedeas from that decree was pending, the court was without jurisdiction to consider this cause.

When the statutory bond for appeal from a decree of the chancery court is given and approved, the case is ipso facto removed into the Supreme Court. The successful party may, if the appeal is without supersedeas, proceed to execute on the decree; but, if it is with supersedeas, execution thereon is suspended. See Sivley v. Sivley, 96 Miss. 134, 50 So. 552; McDowell v. Minor, 159 Miss. 572, 132 So. 565; Evans v. Hood, 195 Miss. 743, 15 So. 2d 37; Stone v. McKay Plumbing Co., 200 Miss. 792, 26 So. 2d 349, 30 So. 2d 91.

It follows that this cause must be, and is, reversed and dismissed. Since attorney's fees were not allowable by the trial court, such fees cannot be allowed here.

Reversed and dismissed.

All Justices concur except *Gillespie, J.,* who took no part.