ON MOTION TO STRIKE OPINION AND DECREE
JONES, Justice:
This matter is on a motion to strike an opinion and a final decree of the chancery court. The motion is made under Section 1650.5, Mississippi Code 1942 Annotated (Supp.1971) which reads as follows:
All chancellors or judges of the chancery and circuit courts of the State of Mississippi shall render their final decree on any and all matters taken under advisement by such chancellors or judges not later than six (6) months after the date when same are taken under advisement or not later than six (6) months after the date on which the chancellors or courts or judges set as a date for the final brief or memoranda of authority is required to be filed on or as to the cause taken under advisement, whichever is the latest date after the date on which the cause or case is taken under advisement.
In the event a final decree has not been entered within the six months period hereinbefore referred to, then any party to said law suit shall have the right to appeal on the record as otherwise provided the same as if a final decree has been rendered adversely. Said appeal shall be to the Supreme Court of the State of Mississippi and shall be treated as a preferred case over other cases except election contests.
The facts are as follows: Suit was filed, and several different hearings were had. The last hearing was on November 3, 1970. The case was taken under advisement by the chancellor, and he having rendered no opinion, appellant, on July 31, 1971, more than six months after the last hearing, filed a petition for appeal, gave notice to the stenographer to transcribe the notes and filed a bond for appeal to this Court, which bond was duly approved. Thereafter, on August 4, 1971, the court filed its opinion, and on August 9, 1971, final decree was signed and was filed in the trial court on August 26, 1971.
In 1961 when the case of McMahon v. Milam Manufacturing Company, 242 Miss. 71, 127 So.2d 647 (1961) was decided, the said statute only consisted of the first paragraph hereinbefore copied, and the Court in that case held that decrees rendered after the said six months were not invalid because the statute did not so provide. In 1968 the statute was amended so as to incorporate the second paragraph thereof as hereinbefore copied.
We are sustaining the motion to strike the said opinion and final decree rendered after the six-month period.
After the appeal, taken as aforesaid, the lower court had no jurisdiction to enter any opinion or decree. McDowell v. Minor, 159 Miss. 572, 132 So. 565 (1931); Turner v. Carter, 159 Miss. 496, 132 So. 333 (1931); Jennings v. Shapira, 131 Miss. 596, 95 So. 305 (1923).
The motion is sustained.
Sustained.
All Justices concur except SUGG, J., who took no part.