GILLESPIE, Chief Justice.
John A. Griffith (Petitioner) filed a Petition with the City of Jackson Zoning Board requesting the rezoning from Residential A-l to Commercial, of a tract of land fronting 350 feet on the north line of Cooper Road. After due notice, various protesting petitions were filed. The Zoning Board recommended that petitioner’s request be granted. The City Council then adopted an ordinance rezoning the property for commercial uses. Protestants appealed to the circuit court where the rezoning ordinance was affirmed. Protestants then appealed to this Court. We reverse.
Part of the same property was the subject of a rezoning petition and order dated June 3, 1969, denying a change from Residential A-l to Commercial. The order of the Zoning Board in the present matter did not recite that there had been any material change in the character of the neighborhood since the last rezoning order, hut said order and recommendation to the City Council stated that there existed more than adequate commercial zoning in the area, much of which is yet undeveloped, but the subject property “is not suitable for development or for single family residential use”. ,
The ordinance rezoning the property made no finding that there had been any material change in the character of the neighborhood since the last zoning order, but merely stated that the rezoning would be “proper and to the best interest of the City.”
There is no testimony in the record showing either that there was a mistake made in the original zoning ordinance or that there had been a material change in the character of the neighborhood since the last zoning order denying the rezoning of part of the subject property from Residential A-l to Commercial.
Under the doctrine of res adjudicata as applied to zoning matters, there was no lawful authority for the adoption of the ordinance rezoning this property. Harris v. City of Jackson et ah, 268 So.2d 342 (Miss. 1972). .
Reversed and ordinance rezoning the subject property is vacated.
RODGERS, P. J., and SMITH, ROBERTSON and WALKER, JJ., concur.