293 So.2d 444 (1974)
Dr. O.B. CROCKER et al.
v.
FARMERS & MERCHANTS BANK et al.
No. 47821.
Supreme Court of Mississippi.
April 1, 1974.
Rehearing Denied May 13, 1974.
Armis E. Hawkins, Houston, L.G. Fant, Jr., Holly Springs, Ottis B. Crocker, Jr., Bruce, Sullivan, Smith & Hunt, Clarksdale, for appellants.
Perry, Phillips, Crockett & Morrison, Jackson, for appellees.
BROOM, Justice:
All decisive issues raised in this appeal are settled by our opinion of this date in cause number 47,455 with which this cause (No. 47,821) was consolidated for argument, 293 So.2d 438.
The decree appealed from herein was dated November 15, 1972. Its main thrust was to broaden and in effect "modify" the decree of the Chancery Court of Calhoun County dated May 13, 1972, which was on appeal by both sides without supersedeas. The appeal divested the lower court of jurisdiction and the decree of November 15, 1972 modifying the earlier decree cannot be upheld.
Subsequent to the decree of May 13, 1972, the appellees in a separate cause (No. 8636 in the lower court and No. 47,821 herein) sought to make appellants Grist, Chrestman, Gibson and Logan subject to the injunctive provisions of the May 13 decree. We have reversed that decree and the injunction ordered therein is a nullity. It follows that the injunction fails as to Messrs. Grist, Chrestman, Gibson and Logan who were brought in by separate bill below, the purpose of which was to make said appellants subject to the injunction provided in the May 13 decree. That decree having been reversed by us in cause number 47,455 cannot be the basis for subsequent action by appellees to make its injunctive provisions apply to other parties: Messrs. Grist, Chrestman, Gibson, and Logan. Riley v. Richardson, 258 So.2d 419 (Miss. 1972) and cases cited therein.
Other proceedings sought to make Dr. Charles Crocker subject to the injunction *445 provided by the decree of May 13, 1972. As stated above, appeal of that decree divested the lower court of jurisdiction. Accordingly, it was error to "amend and clarify" it as to include appellant Dr. Charles Crocker who was not a party to the suit which resulted in the injunction. Riley v. Richardson, supra.
By proceedings to cite them for contempt of court pursuant to the May 13 decree, Dr. O.B. Crocker and Ottis B. Crocker, Jr. (both of whom had appealed therefrom), were also subsequently brought into court in the case at bar on petition of appellees. They were absolved of contempt. Responding to appellees' motion "to amend and clarify" the May 13 injunction, the lower court "modified," broadened and in effect amended the injunction. This was also error because the lower court had lost jurisdiction via the appeal.
We deem it unnecessary to recite the provisions of the November 15 decree appealed from herein. Said decree stated that the May 13 decree was "herein modified." Its effect was to perpetually proscribe, restrict and limit the rights of each appellant as a shareholder and voter in corporate affairs.
We find no error or abuse of discretion in the action of the trial court in taxing costs on a prorated basis (one-third to each category of parties).
We reverse and remand. Upon appropriate action by appellants, the lower court will consider the question of damages.
Reversed and remanded.
RODGERS, P.J., and INZER, SMITH and ROBERTSON, JJ., concur.