COFER, Justice, for the Court:
Appellees Gulf City Fisheries, Inc. (Gulf City) applied to the city council of Pasca-goula (council) for an order “directing the City Clerk to change or cause to be changed the official zoning map of the City of Pas-cagoula ... to show” Gulf City’s properties “as industrial.” This appeal is from an order granting Gulf City the relief it sought. Previously Gulf City had petitioned the council for an order rezoning a certain strip of land abutting the West side of Cedar Street as industrially zoned. The particular description of the land (the property) is not important to this decision. The petition of Gulf City was resisted by appellants George B. Cowan and wife, and by Mrs. Denise H. Wiesenburg, interested parties. Gulf City obtained a favorable decision before the Council and appellants appealed by bill of exceptions to the Circuit Court of Jackson County where the council’s decision was affirmed. Appellants Cowans have appealed here, assigning as errors of the lower court the following:
1. The circuit court erred in not reversing and vacating the city’s order of August 22, 1977, the City Clerk having correctly performed her duties under Ordinance No. 25-1973, the property of the appellee Gulf City Fisheries, Inc. not having been rezoned as industrial by such ordinance.
2. The circuit court erred in not reversing and vacating the city’s order of August 22, 1977, the circuit court’s appellate judgments of August 8, 1969, and December 11, 1972, being res judicata as to the zoning of the property of the ap-pellee Gulf City Fisheries, Inc. under the provisions of § 1601 of Ordinance No. 25-1973.
3.The circuit court erred in not reversing and vacating the city’s order of August 22, 1977, as ultra vires, null and void, the order being arbitrary, capricious, unreasonable and having been adopted in violation of the city’s ordinance, § 17-1-15 of the Mississippi Code of 1972, and Article 3 § 14 of the Mississippi Constitution.
The issue of zoning of this property has been in and out of court for almost a score of years, and we share the interested parties’ desire to put the issue at rest. We are of the conviction that such a final resolution must be arrived at, on due and proper notice to the people having a right to protest, and following a hearing or hearings at which all interested parties have an opportunity to be heard, which decision must be in accordance with the law governing such hearings and decisions and the facts adduced in such hearings or hearing. Unfortunately, we cannot say that such a conclusion has been arrived at and we are reluctantly constrained to reverse and render.
The issue here lends itself smoothly to a detailing of chronological happenings, which, in turn, will make the issue clearer of understanding.
Prior to October 3,1968, the property was zoned as residential.
On October 3, 1968, a comprehensive zoning ordinance was adopted by the council, wherein the property was zoned industrial.
An appeal was prosecuted to the circuit court from this classification. On August 8, 1969, a judgment was entered on that appeal finding that residential was the correct classification therefor and ordering that it have that classification. There was no appeal from that judgment.
On October 11, 1972, the council again zoned the property as industrial.
An appeal was again taken to the circuit court where, on December 11, 1972, judgment was entered reversing the council’s order finding that the 1969 circuit court judgment was res judicata, and returning the classification to residential.
*526 On December 14, 1972, Gulf City filed a motion in the circuit court to correct the December 11, 1972, judgment next above noticed, and, on December 20, 1972, Gulf City filed suggestion of error and petition for rehearing in the cause. (As to be hereinafter set out, these motions remained in a pending status until May 23, 1974.)
Acting upon instructions of the council, the Pascagoula Planning Commission entered upon a project of bringing to date and revising Pascagoula’s zoning ordinance and map. Having prepared therefor, timely notice of hearings before the planning commission was given, and hearings were had by the planning commission-on October 15 and October 22, 1973. A zoning map had been prepared by some unidentified person, which was published as a part of the notice of the hearing. This map, in pertinent part, reflects a heavy line along the west boundary of Cedar Street, placing the property in an industrial zone, but with parallel diagonal hatch marks on the property, and showing in the legend that it was “in litigation.”
On both October 15 and October 22, 1973, the planning commission was given an opportunity to take a stand on whether the property was thereon zoned residential or industrial, and, at each invitation to do so, it took the position that the property was in litigation and that no action would be taken thereon until the litigation was ended. There appears on the minutes of the planning commission’s October 15, 1973, meeting a recognition that the industrial-residential border line ran to the west of the property. At the October 15, 1973, meeting Attorney Charles Ford appeared before the planning commission representing Gulf City and sought a change of the status of the property from “in litigation” to “industrial.” His appearance gave rise to this minute of the commission appearing in the record:
Thereafter Mr. Charles Ford, a local attorney, appeared representing Gulf City Fisheries and stated that on the proposed zoning map such property owned by Gulf City Fisheries on Cedar Street was shown as in litigation and requested that same be zoned industrial. Mr. Boardman (acting chairman) stated that since the area was presently in a court controversy, that the commission would not take any action on the same until the matter was settled by the courts. A written statement was submitted by Mr. Ford on behalf of Gulf City Fisheries, which statement is attached to these minutes. (Emphasis added).
Thereafter in the October 15, 1973, meeting the commission adopted a recommendation to the council that all applications for zoning and rezoning be denied without prejudice to such applicants’ appearance before the commission or other proper body, at the November regular meeting thereof, to apply upon proper public hearing, for such requested changes “based on change in circumstances in the makeup of the various areas involved from the original zoning of such areas.”
In the planning commission’s October 22, 1973, meeting an interested party protested that the zoning line here being considered should run along Cedar Street, and suggested that the council minutes for 1969 should be examined, which objection was noted.
Between the meeting of the commission on October 22, 1973, and the council’s meeting on October 23, 1973, the proposed ordinance and its zoning map were transmitted from the commission to the council and they were considered in the council’s meeting on October 23, 1973.
The council adopted an order, on the commission’s recommendation above noticed, in part as follows:
Now, therefore, it is ordered as follows:
1. That all applications for zoning or rezoning be denied without prejudice to the right of the various applicants to appear before the planning commission or any successor board or commission at its regular November meeting to apply, upon proper public hearing for the requested change in zoning based on a change in circumstances in the makeup of the various areas involved from the original zoning of such areas, if any. (Emphasis added).
*527 Attorney Ford appeared at this October 23,1973, meeting on behalf of Gulf City and petitioned the Council to afford him . “an opportunity to be heard for the taking of testimony of witnesses and the viewing of evidence pertaining to this petitioner’s petition as filed with the planning commission.”
In the petition thus presented to the council, Gulf City alleged that as to its appearance before the planning commission:
. at said hearing on October 15 was not given the opportunity of presenting evidence and testimony in support thereof [its petition to have the property zoned industrial] and the said planning commission by its minutes, a copy of which is attached hereto, having found categorically along with many other petitions that said petition of this petitioner be denied and this petitioner, through its attorney of record, would distinctly aver herein that at no time during the meeting of said planning commission on October 15, 1973, was there any vote or decision reached by a vote of the members of the planning commission as to its petition for zoning of its land and that said minutes, as attached hereto, do not portray a true portrayal of the happenings and events of said meeting of October 15 and this petitioner affirmatively alleges that it has been denied due process under the laws of the State of Mississippi and the United States Government and that such action, if any, taken by the planning commission was discriminatory as to the petitioner and in violation of its right as a property owner within the municipality and contrary to the provisions of sections 3591 and 3592 of the Mississippi Code of 1942, as amended. (Emphasis added).
In adopting the proposed zoning ordinance, which became ordinance No. 25-1973, Ordinance No. 9-1968 was repealed, but the council took care, in the repeal thereof, to preserve rights of any pending action thereunder or other zoning ordinances. This was accomplished by section 1601 of Ordinance No. 25-1973, which is as follows:
This ordinance repeals and supersedes all previous zoning ordinances and amendments thereto including ordinance number 9-1968 [The earlier ordinance changed the zoning of the property to industrial, an action thereafter reversed as above noticed.] The repeal of ordinance number 9-1968 and such prior ordinance shall not make valid any use in violation of such ordinance, nor shall this ordinance be construed to abate any pending action under any of the provisions of such ordinance. (Emphasis added).
On May 23, 1974, on motion therefor, the motions in the 1972 appeal to the Jackson County Circuit Court, noted above, were withdrawn and that suit, No. 8667, and some others related thereto, were dismissed from the circuit court docket.
After the May 23, 1974, action in the circuit court the city clerk of Pascagoula, acting with the advice of counsel, one of Pascagoula’s city attorneys, altered the 1973 zoning map by removing the line between the industrial and the residential areas to the west boundary of the property here involved, and erasing the “in litigation” hatch marks from the map.
Gulf City on April 4, 1975, filed suit for writ of mandamus to require the city clerk to relocate the boundary line as it had appeared at the October 1973 action of the council. After the writ of mandamus was ordered, this Court, on appeal, reversed the judgment holding that mandamus did not lie. Cowan v. Gulf City Fisheries, Inc., 344 So.2d 724 (Miss.1977).
On May 19, 1977, Gulf City filed a petition with the then council requesting it to direct the city clerk to make the change that Gulf City had unsuccessfully sought in its mandamus suit.
After a hearing, the council, then in office, on August 22, 1977, adopted order as follows:
That the council hereby finds and determines that the zoning of the property in this proceeding is as of today zoned industrial and has been so zoned since *528 October 28, 1973, and further that the city clerk is ordered to, upon the general change of the zoning map as of October 1, 1977, alter or cause to be altered the official zoning map to reflect that the property in question is zoned industrial. (Emphasis added).
Appellants appealed the action of the council, which action was thereon affirmed by the Jackson County Circuit Court from which the present appeal was taken.
We consider that it is quite clear from our detailing above of various skirmishes pertaining to the property that:
(1) The circuit court’s judgment of August 8, 1969, from which no appeal was ever taken, became res judicata of the proper zoning of the property at that time, and that it had that classification at all times during the October 1973 activities of the planning commission and the council. Miller v. City of Jackson, 277 So.2d 622 (Miss.1973).
(2) All interested parties who participated in the planning commission and the council deliberations accepted the status attached to it by the August 8, 1969, judgment and Gulf City was undertaking to get hearings before both bodies with a view to getting the residential status of it changed to industrial.
(3) Gulf City would not have made the public record which it made during those deliberations, had it considered as having been done what it was then undertaking to get done.
(4) The two bodies of Pascagoula did sufficient in their minutes and actions of October 1973 to cause the inescapable conclusion that they were not taking any action with reference to the zoning of this property.
(5) Both bodies knew the property was in litigation, suspended by Gulf City’s failure to procure consideration and action by the circuit court on its several postjudgment pleadings noticed above.
(6) Whether the bodies recognized it or not, an appeal to the circuit court suspended the jurisdiction of the bodies in the matter of zoning the property whose zoning was the subject matter of the appeal. This Court has held this to be true on appeals from lower courts. Dunavant Enterprises, Inc. v. Ford, 294 So.2d 788, 792 (Miss.1974); Crocker v. Farmers & Merchants Bank, 293 So.2d 444-445 (Miss.1974); Riley v. Richardson, 258 So.2d 419, 420 (Miss.1972). The same principle should control in appeals from legislative bodies, and we hold that it does so control. 101 C.J.S., Zoning § 374, p. 1225 (Supp.1975); Kramer v. Board of Adjustment, Sea Girt, 80 N.J.Super. 454, 194 A.2d 26 (1963).
(7) As hereinbefore observed, Gulf City desired and petitioned the council for a hearing on the merits as to the zoning of the property. Such hearing was not afforded, and Gulf City took no appeal from ordinance 25-1973. Mississippi Code Annotated, section 11-51-75 (1972).
(8) The council denied all petitions for zoning and rezoning without prejudice to petitioners’ right to have full public hearing before the planning commission or other body at its November 1973 meeting. The record is silent that Gulf City availed itself of the opportunity thus reserved to press its prayer before such body at such date.
(9) The council, in office in August 1977 had no authority to declare the property’s zone to have been industrial from October 23, 1973, because such declaration was without foundation.
(10) The council exceeded its lawful authority in declaring the 1977 zoning to be industrial, (a) without giving public notice of such hearing, section 17-1-17, and (b) with no finding of material change. Watts v. City of Wiggins, 376 So.2d 1072 (Miss.1979), and Underwood v. City of Jackson, 300 So.2d 442 (Miss.1974).
We, accordingly, find the property residential in its zone classification, and reverse and render.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.