537 So.2d 1345 (1989)
In the Matter of the ESTATE OF Mark Stephan MORELAND, Deceased.
Mittie MORELAND
v.
Jane Moreland RILEY.
No. 58658.
Supreme Court of Mississippi.
January 4, 1989.
Ralph E. Pogue, Aberdeen, Rhett R. Russell, Tupelo, for appellant.
Orma R. Smith, Smith, Ross & Trapp, Corinth, Shane F. Langston, Watkins, Ludlam & Stennis, Jackson, Joseph C. Langston, Langston & Langston, Duncan Lott, Booneville, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.

MORELAND II
SULLIVAN, Justice, for the Court:
Mittie Moreland appeals from a ruling of the Hinds County Chancery Court ordering her to withdraw from a wrongful death action filed by her in her former capacity as Administratrix of the Estate of Mark Stephan Moreland. The chancery court also ordered Mittie Moreland to cease and desist from all contact with any defendants in the wrongful death suit, and to cease and desist from holding herself out as the Administratrix of the Estate of Mark Stephan Moreland.
This case is a continuation of Moreland I, where the Chancery Court of Hinds County removed Mittie Moreland as Administratrix *1346 of the Estate of Mark Moreland, and allowed the substitution of Jane Moreland Riley, ex-wife of the deceased and natural and legal guardian of the sole heir. The facts leading up to the removal of Mittie Moreland are fully set forth in the companion opinion for Moreland I. [Estate of Moreland, 537 So.2d 1337.]
Following her removal, it is alleged that Mittie Moreland continued to remain active in the wrongful death suit on file in the State of Alabama, being Cause No. CV86-3530. Jane Moreland alleged that Mittie Moreland's refusal to withdraw from this suit interfered with her efforts to prosecute the suit, to the prejudice of the sole wrongful death beneficiary.
Also, on March 17, 1987, attorneys representing Mittie Moreland executed and delivered a letter to attorneys for the defendants advising them that "Mittie Moreland and her attorneys claimed attorney liens under Mississippi and Alabama law as to funds paid or to be paid toward satisfaction of claims arising out of the" wrongful death of Mark Moreland. This letter advised the defendants to be cautious in remitting any payments until the Mississippi Supreme Court has decided Moreland I.
As a consequence of these activities, Jane Moreland Riley filed a motion on July 15, 1987, seeking an order enjoining Mittie Moreland from prosecuting the wrongful death action on file in the State of Alabama. The complaint also asked the court to order the substitution of Jane Moreland as the proper party plaintiff in the Alabama wrongful death action.
Mittie Moreland responded, asserting affirmatively that the chancery court lacked subject matter jurisdiction to hear the motion of Jane Moreland, and that the motion failed to state a claim upon which relief could be granted.
A hearing was held on August 7, 1987, in the Hinds County Chancery Court, Honorable Paul Alexander, presiding. A decree issued stating that jurisdiction was proper, and granting the relief requested by Jane Moreland Riley.
Mittie Moreland assigns two errors on appeal, only one of which merits discussion.

I.

THE APPELLANT ASSERTS THAT THE CHANCELLOR RESPECTFULLY ERRED IN MODIFYING, AMENDING, EXPANDING AND BROADENING ITS FINAL DECREE OF AUGUST 5, 1986, IN THAT THE CHANCERY COURT BELOW LACKED JURISDICTION TO DO SUCH WHILE A PERFECTED APPEAL OF THE DECREE WAS PENDING.
In order to properly address this issue, we must answer two questions. First, what jurisdiction remained in the Hinds County Chancery Court after an appeal of the Moreland I final decree was perfected? Second, did the decree at issue exceed the jurisdiction of the chancery court?

A.

WHAT JURISDICTION REMAINS?
On August 5, 1986, the Hinds County Chancery Court entered an Order invalidating the Letters of Administration previously granted to Mittie Moreland, and allowing the substitution of Jane Moreland as administratrix. Mittie Moreland's post-verdict motions were denied by an order entered November 7, 1986. Mittie Moreland perfected her appeal from these orders on November 25, 1986.
In response to Mittie Moreland's motion to dismiss in the present case, the chancellor ruled that jurisdiction was present because notice had been given to the attorney for Mittie Moreland. The chancellor also ruled that the appeal by Mittie Moreland of the August 5, 1986, order was without supersedeas, and therefore, did not deny the chancery court authority to enter the instant order. It is the chancery court's assumption of subject matter jurisdiction that is under attack by Mittie Moreland.
It is the rule in this state that once an appeal from the trial court is perfected, the case is ipso facto removed to the appellate court. Dunavant Enterprises, Inc. v. Ford, 294 So.2d 788, 792 (Miss. 1974); Crocker v. Farmers & Merchants *1347 Bank, et al, 293 So.2d 444 (Miss. 1974); Lindsey v. Lindsey, 219 Miss. 720, 723, 69 So.2d 844, 844-45 (1954); see also, Griffith's, Mississippi Chancery Practice, § 690 (2d Ed. 1950). Where the appeal is without supersedeas, the successful party may proceed to execute on the lower court decree, but the lower court may not entertain attempts to broaden, amend, modify, vacate, clarify, or rehear the decree.[1]Dunavant, supra; Crocker, supra; Lindsey, supra. Where an appeal is with supersedeas, the case is so far removed to the appellate court that even steps taken pursuant to enforcement and execution of the decree are stayed. Lindsey, supra; Griffith's, supra.

B.

DID THE DECREE AT ISSUE EXCEED THE JURISDICTION OF THE CHANCERY COURT?
The question now becomes whether Jane Moreland's motion is a matter exceeding the subject matter jurisdiction of the trial court. Mittie Moreland, relying on Crocker and Dunavant, contends that this latter order is an attempt to modify, broaden, amend and/or clarify the August 5th Order, and therefore, beyond the subject matter jurisdiction of the chancery court. Jane Moreland, on the other hand, contends that this latter order is the product of her attempt to execute on, or enforce the August 5th Decree, and therefore, comes within the jurisdiction retained by the trial court, relying on Lindsey. Without deciding which of these two arguments is the more meritorious, we are compelled to hold that the chancery court in the instant case exceeded its subject matter jurisdiction for a reason not assigned by either of the parties.
Contrary to the assumption of the parties and the lower court, the appeal of Mittie Moreland from the chancery court's original Order (Moreland I) is with supersedeas per Mississippi Code Annotated, § 11-51-99 (Supp. 1988).[2] This code section, in effect since July 1, 1978, provides as follows:
§ 11-51-99. How executors, administrators, and guardians appeal.
Executors, administrators, and guardians, except those who have not given bonds as such, may appeal from any judgment, decree, or order affecting them in their fiduciary character, and shall have a supersedeas on such appeal, without bonds for supersedeas; but they shall pay the costs of the lower court including the supreme court filing fee.
If the conditions of the statute are met, its application is mandatory and automatic. Conservatorship of Stallings v. Bush, 523 So.2d 49, 51-52 (Miss. 1988).[3] It matters not whether the chancery court was presented with an opportunity to deny or grant supersedeas. Id. In the present case, Mittie Moreland posted a $2500.00 bond in conjunction with her original appointment as administratrix. Also, Mittie Moreland paid the "costs of the lower court including the supreme court filing fee" in order to appeal the original Orders of the Hinds County Chancery Court.
Finally, the appeal in Moreland I is from a "judgment, decree, or order affecting [Mittie] in [her] fiduciary character... ." Conservatorship of Harris v. King, 480 So.2d 1131 (Miss. 1985), is the controlling case on this aspect of the statute. In that case, a petition was filed to have a conservator removed, and the chancery court granted the petition. Matthew Harris, the one removed as conservator, then appealed *1348 the order of removal to this Court. Id. Looking "to the nature of the judgment or decree," this Court held that "there can be little doubt that a decree removing a conservator `affects' that conservator in his `fiduciary character'." Id. at 1133. Similarly then, there can be little doubt that the decree removing Mittie Moreland as administratrix affected her in her fiduciary character.
The effect therefore of Section 11-51-99 is to foreclose and prohibit any subsequent action in the trial court relating to the enforcement or execution of the judgment. Supersedeas has the effect of suspending the judgment; it lies dormant, and "no action can be taken which has its foundation in the judgment." Belzoni Land Co. v. Robertson, 125 Miss. 338, 345-46, 87 So. 669, 671 (1921). The enforcement of the rights declared by the decree are suspended until the appeal is determined. Griffith's, Mississippi Chancery Practice, § 690 (2d Ed. 1950).
Consequently, the injunction entered August 18, 1987, is held void and of no force and effect because it exceeded the subject matter jurisdiction of the lower court. Duvall v. Duvall, 224 Miss. 546, 552, 80 So.2d 752, 754 (1955), suggestion of error overruled, 224 Miss. 546, 81 So.2d 695 (1955). The chancery court being without jurisdiction, it follows that this Court has no jurisdiction to entertain the present appeal. Ainsworth v. Blakeney, 227 Miss. 544, 546, 86 So.2d 501, 502 (1956).
Therefore, the remaining assignment of error is moot, and this appeal is dismissed for lack of subject matter jurisdiction.
APPEAL DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, ANDERSON and ZUCCARO, JJ., concur.
PRATHER, J., not participating.
NOTES
[1] Note that Rule 60, Mississippi Rules of Civil Procedure confers limited concurrent jurisdiction on the trial court to grant relief from a judgment even though an appeal has been perfected. Ward v. Foster, 517 So.2d 513, 516 (Miss. 1987).
[2] Notwithstanding the fact that neither the lower court nor the parties have indicated any awareness of this statute, we have the duty sua sponte to notice its applicability since it impacts upon the jurisdiction of the lower, and consequently, the appellate court. Byrd v. Sinclair Oil & Refining Co., 240 So.2d 623 (Miss. 1970).
[3] The statute has been held applicable to conservators the same as to guardians. Conservatorship of Harris v. King, 480 So.2d 1131 (Miss. 1985).