## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00107-SCT

*AUBREY C. GRIFFIN, JR.*

*v.*

*PAMELA G. NICHOLAS ARMANA*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/93 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | J. PEYTON RANDOLPH, II |
| | B. KENDALL GRIFFIN |
| ATTORNEY FOR APPELLEE: | LISA B. MILNER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 5/30/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/20/96 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case was tried in the Chancery Court of Hinds County, Mississippi, before the Honorable Denise Sweet Owens, Chancellor.

¶2. This appeal is related to Supreme Court Case Number 92-CA-00823, *Griffin v. Armana*, which is presently before the Court. That case involves Griffin's attempt to recover real and personal property owned by him and taken by Armana, his niece. On June 5, 1992, the trial judge entered her judgment in that matter, whereby she ordered Armana to return to Griffin specific items of expensive jewelry. Also due Griffin was a string of pearls and a watch that Armana entered into the registry of the court during the trial. The pearls were purportedly worth $1,299.

¶3. After filing several post-trial motions in that case, Griffin filed his notice of appeal to this Court on August 6, 1992. In the meanwhile, Armana failed to return the jewelry to Griffin per the chancellor's judgment and order, and on August 31, 1992, Griffin filed a contempt motion against Armana to compel the return of his jewelry.

¶4. The pearls and watch were returned to Griffin on September 24, 1992, and on that same day the trial judge entered an order demanding the return of the jewelry. The chancellor gave Armana ten days from

September 18, 1992, to return the jewelry or be found in contempt of court. A hearing was set for September 29, 1992, pursuant to this order.

¶5. Armana did not comply with that order and on October 2, 1992, she was adjudged to be in wilful and obstinate contempt of the court. During the contempt hearing, Griffin brought to the trial court's attention, through the testimony of an expert gemologist, that the pearls he received on September 24, 1992, were in fact manmade glass beads having a value of only $20. At that time Griffin made an *ore tenus* motion to vacate the judgment due to fraud, based on Miss. R. Civ. P. 60(b)(1). The chancellor entered an order allowing the parties to submit arguments on the motion and later entered another order granting a hearing on the matter, to be held on January 15, 1993.

¶6. On November 12, 1992, Griffin filed a motion with this Court to stay his appeal due to the pending 60(b)(1) motion. On January 14, 1993, one day before the 60(b)(1) hearing, we denied Griffin's motion to stay his appeal. The next day, the trial judge entered an order denying Griffin's 60(b)(1) hearing based on the fact that the lower court no longer had jurisdiction over the matter. Aggrieved with this decision, Griffin filed this second appeal seeking review of the chancellor's denial of his 60(b)(1) motion.

### DID THE CHANCERY COURT RETAIN JURISDICTION OF THE RULE 60(B) MOTION AFTER THE MISSISSIPPI SUPREME COURT DECLINED TO STAY GRIFFIN'S APPEAL IN THE ORIGINAL ACTION?

¶7. Miss. R. Civ. P. 60(b) allows a trial judge to grant relief from a judgment for various reasons, including mistakes, inadvertence, newly discovered evidence, and fraud. The rule states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) fraud, misrepresentation, or other misconduct of an adverse party;

. . . .

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. . . . Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein.

Miss. R. Civ. P. 60(b). Griffin maintains that the chancellor retained jurisdiction to entertain the 60(b)(1) motion because the trial record had not been transmitted to this Court at the time that he made his *ore tenus* motion.

¶8. Armana claims that the chancery court lost jurisdiction to vacate its order when the case was removed to this Court by appeal. To support her position, Armana cites to *Crocker v. Farmers & Merchants Bank*, 293 So. 2d 444 (Miss. 1974), and *Gatlin v. Cook*, 380 So. 2d 236, 237 (Miss. 1980), where we held that perfection of an appeal divests the trial court of any power to subsequently modify its order. Armana's reliance on these cases is misplaced.

¶9. "Prior to the enactment of the Mississippi Rules of Civil Procedure, the perfection of an appeal deprived the trial court of authority to correct judgments." *Ward v. Foster*, 517 So. 2d 513, 516 (Miss. 1987)

(citing *Gatlin*, 380 So. 2d at 236; *Crocker*, 293 So. 2d at 444). However, the adoption of Miss. R. Civ. P. 60 conferred "limited concurrent jurisdiction on the trial court to grant relief from a judgment even though an appeal has been perfected." *In re Estate of Moreland v. Riley*, 537 So. 2d 1345, 1347 n.1 (Miss. 1989) (citing *Ward*, 517 So. 2d at 516). So, as long as Griffin complied with the requirements of 60(b), perfection of his appeal did not divest the trial judge of authority to vacate her judgment.

¶10. Griffin made his *ore tenus* motion on September 29, 1992, well within the six month period for making a 60(b)(1) motion and prior to the transmission of the record in 92-CA-00823 to this Court on February 4, 1993. The trial judge therefore committed manifest error by not ruling on Griffin's 60(b)(1) motion. This case must be remanded to the trial court for a ruling on the motion to vacate the judgment due to Armana's alleged fraud. On remand the chancellor should heed our admonition that Rule 60(b) motions "are addressed to the sound discretion of the trial court . . ." and granted "'only upon an adequate showing of exceptional circumstances'. . . ." *Accredited Sur. and Casualty Co. v. Bolles*, 535 So. 2d 56, 58 (Miss. 1988) (quoting *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984)). Furthermore, the Rule 60(b) motion should be denied if it is "merely an attempt to relitigate the case." *Id.* (citing *Mastini v. American Tel. and Tel. Co.*, 369 F.2d 378 (2d Cir. 1966), *cert. denied*, 387 U.S. 933 (1967)).

¶11. The chancellor erred when she failed to rule on Griffin's 60(b)(1) motion. The filing of Griffin's appeal did not divest her authority to render a decision on the motion to vacate since Griffin timely made his motion before the record in that appeal was transmitted to this Court.

**¶12. REVERSED AND REMANDED**.

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**