Argued May 3, decided May 31, 1911.

## LAWREY v. HANNA.

[115 Pac. 975.]

DEEDS—CONVEYANCES ON CONDITION—TIME FOR PERFORMANCE.

1. Where a conveyance depends on a condition to be performed by the grantee and no time of performance is named, the law implies that it must be performed within a reasonable time.

PUBLIC LANDS—DETERMINATION OF OFFICERS OF FEDERAL LAND OFFICE —JUDICIAL REVIEW.

2. A determination by the federal land department that the offer of final proof by a land claimant under Act Cong. March 3, 1885, c. 319, 23 Stat. 342, providing for public sale of a part of an Indian reservation not included in the new boundaries thereof, on conditions specified, determines the time within which residence and cultivation by the claimant must be completed, is a reasonable construction of the act, and a decision that a claimant has failed to reside and cultivate the land, and canceling his entry, is within the jurisdiction of the land department, and a state court will not interfere therewith.

From Umatilla: HENRY J. BEAN, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

The plaintiff, John H. Lawrey brings this suit to enjoin the defendant, Charles Hanna, from interfering with his possession of certain government land, and for a decree that he is the owner thereof, his right to purchase which land having been contested in the United States Land Office by the defendant. By the act of Congress of March 3, 1885 (chapter 319: 23 Stat. 342), provision is made for public sale of such part of the Umatilla Indian reservation as had not been included in the new boundaries thereof; the price thereof being payable as follows: One-third at the time of purchase, one-third in one year, and one-third in two years; and, before patent shall issue for the untimbered land, the purchaser shall make satisfactory proof that he has resided at least one year upon the land purchased, and has reduced to cultivation at least 25 acres. By Act July 1, 1902, c. 1380 (32 Stat. 730), further sales are authorized to be made at private sale in conformity with the provisions of the act of March 3, 1885. By Act June 29, 1906, c. 3598 (34 Stat.

611), it is provided that persons who have heretofore purchased land shall be entitled to receive patent therefor upon submitting satisfactory proof to the Secretary of the Interior that the untimbered lands so purchased are not susceptible to cultivation and residence and are exclusively grazing lands. On June 30, 1906, plaintiff made application to purchase from the government, under the above-named statutes, at private sale, the S. W. ¼ of section 3, township 1 S., range 34 E., W. M., of said land, and paid $200, the price thereof, and the customary receipt was issued to him for the same. At the time of the application to purchase he subscribed to the oath required as a condition to such purchase. Thereafter, about December 20, 1906, he offered final proof at the United States Land Office at La Grande, under the provisions of the above-mentioned act of date June 29, 1906, that the lands were grazing lands only, and asked that, upon such proof, patent issue to him therefor. Defendant contested plaintiff's purchase on February 20, 1907, for the reason that the land is not exclusively grazing land, and that plaintiff had not resided thereon or cultivated the land or any portion of it, which contest was tried by the register and receiver of the land office, and on May 13, 1908, they made findings of fact thereof. They held that, when plaintiff elected to submit his final proof for patent, his rights should be held to stand or fall thereby; that there is at least 26 acres of land susceptible to cultivation, and, with some clearing, 50 or 60 acres; that he had failed to reside upon or cultivate the land, and that it is more valuable for agriculture than for grazing, and recommended that the entry of plaintiff be canceled. On August 4, 1908, notice was duly issued to defendant that plaintiff's entry had been canceled by the Commissioner of the General Land Office upon defendant's contest, and he was given the preference right to purchase the land within 30 days.

On August 6, 1908, defendant applied to purchase the same under the act of July 1, 1902, *supra,* and made his first payment, and immediately thereafter inclosed the same, commenced cultivation, and built a dwelling thereon. Plaintiff commenced this suit on November 20, 1908, to restrain defendant from cutting trees on the land, which it is alleged he was doing, and to enjoin him from interfering with plaintiff's possession and to adjudge plaintiff to be the owner thereof. On the trial of the case findings and decree were rendered in favor of plaintiff that he is the owner in fee simple and entitled to the exclusive possession of the land, and perpetually enjoining defendant from interfering with plaintiff's right, title, interest, and possession thereof. Defendant appeals. REVERSED: SUIT DISMISSED.

For appellant there was a brief over the names of *Messrs. Lowell & Winter,* with an oral argument by *Mr. Stephen A. Lowell.*

For respondent there was a brief and an oral argument by *Mr. Douglas W. Bailey.*

Opinion by MR. CHIEF JUSTICE EAKIN.

It is practically conceded that equity will not interfere with proceedings before the officers of the General Land Office of the United States relating to the government land while the matter remains in their hands for decision, and that their decision upon the facts is conclusive in the courts, except in cases of fraud or mistake; but, after the title has passed from the government to the individual, the question becomes one of private right, and the courts may determine whether the patentee shall be decreed to hold the title in trust for another.

It is also conceded that where one has initiated a right to government land under the United States laws, and where, for the purpose of doing the required acts to

secure his title, he is entitled to possession thereof, equity will protect that possession against a trespasser or one without legal title or equitable claim, or it will maintain the possession of one adjudged by the land department to be entitled thereto. In this case, however, the land department has canceled the entry of plaintiff, and adjudged that defendant is entitled to the possession of the land.

Plaintiff contends that, as no time is fixed by the act of March 3, 1885 (chapter 319, 23 Stat. 340), for the completion of the residence and cultivation, the commissioner is without authority to cancel his filing for failure to complete such residence and cultivation, relying upon the decision in the case of Charles O. Fanning, 20 Land Dec. Dep. Int. 297, in which Fanning offered proof that his residence is upon land adjacent to that in question, and that it was so steep and rocky that it was not susceptible to residence or cultivation, in which it is held that, without such proof of residence and cultivation, it was proper to refuse to issue patent, but error to cancel the entry, as he had an indefinite period in which to complete residence and cultivation. That was not a contested case, however, and in the subsequent case of *Burroughs* v. *Carroll*, 34 Land Dec. Dep. Int. 626, it is held that, when the claimant submits his proof, he fixes the period within which the residence and cultivation must be completed which before was indefinite. It is there said:

"When the claimant submits his proof, he elects to stand or fall thereon. By his own act he determines the time within which proof shall be submitted. He fixes the period which before was indefinite and determinable only by the grantor, and in the face of a contest will not be permitted, if the proof is insufficient or fraudulent, to cure his default. * * The submission of final proof is a declaration on the part of the claimant that all the requirements of law have been honestly and fully met.

* * By such act contest is invited, and, if by such means the fraudulent nature of the proof is disclosed, claimant has no equitable right remaining upon which to. base a request to submit new proof. If there were no adverse claims and the proof submitted was in some respect unsatisfactory, but untainted with fraud, as in the Fanning case, 20 Land Dec. Dep. Int. 297, further opportunity might be afforded claimant to submit other proof."

1, 2. When a conveyance of land depends upon a condition to be performed by the vendee and no time of performance is named, the law will imply that it must be performed within a reasonable time. 2 Washburn, Real Property 11. And the land department has determined that the offer of final proof by a land claimant under the act of March 3, 1885, determines the time within which residence and cultivation must be completed and this we deem a reasonable construction of the act, and in accordance with legal principles. These are questions clearly within the jurisdiction of the land department, and this record does not establish a case for the interposition of the state courts.

The decree will be reversed, and the suit dismissed.

REVERSED: SUIT DISMISSED.

Mr. Justice BEAN took no part in this decision.

---

On Motion to Dismiss, decided Nov. 1, 1910.  On the Merits, Submitted on Appellant's Brief May 16, decided June 6, 1911.