BRIDGES, J.,
for the court.
¶ 1. In the swirling eddies of a divorce proceeding, Ruby Ladner obtained a judgment of divorce from Luther Ladner in the Pearl River County Chancery Court. The chancellor granted Luther’s motion for a new trial, and entered amended findings of fact, conclusions of law, and final judgment on June 18, 2001. Joyce appealed without supersedeas bond for an increase in her portion of the marital property; Luther did not cross-appeal nor did he file a su-persedeas bond.
¶ 2. Luther then refused to execute the appropriate quitclaim deeds to convey to Joyce the real property she was awarded as a result- of the divorce judgment. On September 10, 2001, Joyce filed a motion to divest title to real property. The court granted Joyce’s motion on October 18, 2001, and the Chancery Clerk of Pearl River County executed special commissioner’s deeds to the subject properties transferring title to Joyce on October 31, 2001.
¶ 3. Luther then filed an appeal on November 7, 2001. Joyce did not file a cross-appeal, nor a supersedeas bond. Luther also filed a motion to consolidate Joyce’s appeal from the divorce judgment and his appeal from the order of divestiture, which the Mississippi Supreme Court denied. Joyce filed a motion to strike notice of appeal in the divestiture, which the supreme court also denied.
STATEMENT OF ISSUES
I. DID THE COURT ERR IN ASSUMING JURISDICTION OF JOYCE LADNER’S MOTION TO DIVEST TITLE AFTER THE NOTICE OF APPEAL?
II. DID THE COURT ERR IN PERMITTING JOYCE LADNER TO EXECUTE ON THE DIVORCE JUDGMENT WHILE SHE WAS APPEALING SAID JUDGMENT?
ANALYSIS
I. DID THE COURT ERR IN ASSUMING JURISDICTION OF JOYCE LADNER’S MOTION TO DIVEST TITLE AFTER THE NOTICE OF APPEAL?
¶ 4. Luther assigns as error the chancery court’s assertion of jurisdiction over Joyce’s motion to divest title following her filing an appeal in the divorce. It is true that Joyce’s motion would have been better brought as a contempt action against Luther for failure to comply with the chancellor’s judgment of divorce. Luther’s conduct is ripe for a contempt action, particularly given the egregious nature of his refusal to accede to the chancellor’s judgment. However, the chancery court has access to broad equitable powers to enforce its judgments, including the power to forcibly divest parties of property according to its judgment. Parker v. Parker, 641 So.2d 1133, 1138 (Miss.1994).
¶ 5. Luther did not seek a stay either by filing a supersedeas bond or by appearance in the trial court or from the supreme court or this Court. M.R.A.P. 8. Tellingly, Luther did not appeal the judg *83 ment in the court below either. Even when an appeal is pending, the appellee may execute on the decree in the lower court, providing the appeal is without a supersedeas bond and that the court does not in any way broaden, amend, modify, vacate, clarify, or rehear the' decree. McNeil v. Hester, 753 So.2d 1057, 1075(¶ 68) (Miss.2000). Luther does not allege that the chancellor in any way acted to change his judgment.
¶ 6. Luther argues that the chancery court had no jurisdiction to enforce its judgment once Joyce perfected her appeal. However, Luther can cite no case law in his support that does not require either an appeal from the judgment by the aggrieved party or a supersedeas bond to stay execution. Consequently, we conclude that the chancellor did not err in divesting title from Luther.
II. DID THE COURT ERR IN PERMITTING JOYCE LADNER TO EXECUTE ON THE DIVORCE JUDGMENT WHILE SHE WAS APPEALING SAID JUDGMENT?
¶ 7. Luther argues that the court erred when it permitted Joyce to execute on the divorce judgment after she had appealed the judgment. In Mississippi, when an appeal is filed based on a judgment in our state courts and neither party files a supersedeas bond on the judgment, then either party can execute on the judgment in their favor. McNeil, 753 So.2d at 1075(¶ 68). A plaintiff may also appeal after accepting money due from a judgment when the plaintiff appeals solely to increase the amount due as part of the judgment. Taylor v. Morris, 609 So.2d 405, 408 (Miss.1992).
¶ 8. Luther did not cross-appeal, essentially conceding the judgment of the chancellor that Joyce was entitled to the amount of the judgment below. Luther also did not file a supersedeas bond. Consequently, the amount of the judgment is not in dispute, as Luther does not contest it. The chancellor was well within his discretion to order the divestiture of title to enforce the judgment. We find no error.
CONCLUSION
¶ 9. Luther Ladner sought to obstruct the execution of the chancery court’s judgment by appealing a motion brought by Joyce Ladner to compel Luther to accede to the order of the court. This appeal, brought on spurious legal grounds and based in a mean-spiritedness that betrays a vindictive heart, is almost certainly frivolous. We find that the chancellor committed no error, and affirm his judgment.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.