947 So.2d 358 (2007)
BERT ALLEN TOYOTA, INC., Appellant
v.
Horst F.G. GRASZ, Appellee.
No. 2005-CA-00748-COA.
Court of Appeals of Mississippi.
January 23, 2007.
*359 Tim C. Holleman, attorney for appellant.
Dale Robinson, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. This appeal is the second time this breach of contract case has been before this Court. In Bert Allen Toyota v. Grasz I, 909 So.2d 763, 771(¶ 26) (Miss.Ct.App. 2005), we affirmed in part and reversed and remanded in part the Chancery Court of Harrison County's order awarding specific performance of a contract for Grasz's purchase of an unused 2003 Toyota Tacoma truck from Bert Allen Toyota for $15,017.50. In that appeal, Bert Allen Toyota had argued that specific performance of the contract was impossible because, by the time of the 2004 trial, Bert Allen Toyota lacked access to an unused 2003 model truck and was thus unable to specifically perform the contract. We remanded for a determination of whether Bert Allen Toyota in fact could not provide an unused 2003 model truck, with instructions for the chancery court to fashion another equitable remedy if the court found Bert Allen Toyota could not provide an unused 2003 model truck.
¶ 2. This appeal is from an order of the trial court that was entered during the pendency of the first appeal. On August 18, 2004, with the first appeal pending, Grasz filed a "Motion for Bond or in the Alternative Motion to Enforce Judgment." On December 17, 2004, the trial court entered a "Judgment Regarding Bond and Enforcement." In that judgment, the court found that, because Bert Allen had not moved for a stay of the judgment ordering specific performance, the judgment was enforceable. The court stated that Bert Allen could specifically perform by providing Grasz with a truck from "model year 2003 or later." Bert Allen moved to set aside the Judgment Regarding Bond and Enforcement, arguing that the judgment impermissibly reconsidered the earlier final judgment by expanding how Bert Allen could specifically perform. Bert Allen also moved for a stay. On March 30, 2005, the court denied the motion to set aside the Judgment Regarding Bond and Enforcement and granted Bert Allen's motion for a stay.
¶ 3. Bert Allen appeals, renewing its argument that the Judgment Regarding Bond and Enforcement impermissibly reconsidered the earlier final judgment. We find that, because an appeal had been perfected, the trial court lacked jurisdiction to alter the final judgment. Therefore, we reverse and render the Judgment Regarding Bond and Enforcement to the extent that it modified or clarified the relief awarded to Grasz. We observe that our *360 reversal little avails Bert Allen Toyota because this Court has already affirmed the specific performance award and remanded for the chancellor to fashion another equitable remedy if it finds that Bert Allen Toyota is unable to provide an unused 2003 model truck.

FACTS
¶ 4. The following chronology embraces the events that have culminated in this appeal.
May 29, 2003  Grasz filed his complaint for specific performance of the contract.
March 2004  A trial was held.
March 22, 2004  The chancery court entered a final judgment ordering Bert Allen Toyota to provide an unused 2003 Toyota Tacoma truck for $15,017.50.
April 8, 2004  Bert Allen Toyota filed a motion to correct findings of fact and conclusions of law and/or for a new trial and/or for a JNOV.
July 30, 2004  The court entered a judgment denying Bert Allen Toyota's posttrial motions.
August 11, 2004  Bert Allen Toyota filed a notice of appeal.
August 18, 2004  Grasz filed his "Motion for Bond or in the Alternative Motion to Enforce Judgment." In the motion, Grasz requested that the court enforce the judgment for specific performance, cite Bert Allen Toyota for contempt, or, alternatively, require Bert Allen Toyota to post a bond sufficient to protect Grasz's interest.
September 20, 2004  Bert Allen Toyota filed an objection to the motion for bond or in the alternative to enforce judgment. Bert Allen Toyota argued that the contempt motion was without merit because Grasz had failed to issue or serve summons under M.R.C.P. 4 as required by M.R.C.P. 81(d)(2) for any contempt matters. Bert Allen Toyota also contested the chancery court's jurisdiction over the motion on the ground that an appeal from the final judgment was pending.
December 17, 2004  The chancery court entered the "Judgment Regarding Bond and Enforcement" that is the subject of this appeal. The court made several findings in this judgment which are enumerated below.
(1) The court found it had jurisdiction over the motion because any request regarding a stay of judgment and an appeal bond must first be addressed by the trial court. M.R.A.P. 8(b); M.R.C.P. 62.
(2) The court observed that the supersedeas bond rule of M.R.A.P. 8(a) applies only to money judgments and does not apply to judgments for property other than money. Because the judgment was for specific performance, no supersedeas bond was required. The court observed that Bert Allen Toyota had not moved for a stay under M.R.C.P. 62. The court stated that, had Bert Allen moved for a stay, the court in its discretion could have required a supersedeas bond as a condition of granting the stay pending appeal.
(3) As Bert Allen had not sought a stay, the court found no impediment to enforcement of the judgment for specific performance. Thus, the court held that "Bert Allen Toyota shall deliver to Grasz a 4X2 truck with the exact features and amenities ordered in April 2003, for the sale price of $15,017.50. The truck shall be model 2003 or later." The court further stated:
In the response to the pending motion for bond, Bert Allen alleges that the specific performance ordered by the Court, delivery of the special order truck, is impossible to perform, but again, does not seek a stay. The Court notes that Bert Allen Toyota has enjoyed *361 a good reputation in this community for many years. For this reason, the Court has given Bert Allen Toyota the benefit of this reputation, that it would perform its now court ordered obligation and deliver Grasz the truck for which he bargained. Bert Allen Toyota argues, however, that it is impossible for it to comply with the order. Counsel for Bert Allen Toyota argues that Bert Allen Toyota is not a manufacturer of Toyota vehicles and, therefore, it cannot produce a Toyota for Graz [sic]. However, when the parties contracted for the vehicle, the sales manager told Graz that, "We will have to build one for you" and therefore there will be a delay in delivery. Bert Allen Toyota held itself out as an agent of the manufacturer of Toyota vehicles, and, in fact, has been selling them for many years.
It would seem that counsel for Bert Allen Toyota assumes that the only such Toyota truck required to comply with the Order is one manufactured in the year 2003. As in any other case for specific performance, the construction, manufacture or service will be delayed to a later time frame. Accordingly, if Bert Allen Toyota no longer has a 2003 Toyota as ordered by Graz, then Bert Allen should deliver to Graz a similar Toyota truck manufactured in a subsequent year. Bert Allen Toyota should not be permitted to profit from its wrong-doing in selling to another the truck which it ordered and received for Graz pursuant to their contract. Indeed, if as it alleges Bert Allen Toyota is unable to deliver a vehicle to Graz, and no supersedeas bond is required, how then, is the status quo to be maintained and Grasz to be protected during the pendency of the appeal?
(4) The court gave Bert Allen ten days from the date of entry of judgment to either comply with the judgment for specific performance or to seek a stay.
(5) Finally, the court found that Bert Allen could not be held in contempt because no M.R.C.P. 81 summons had issued.
December 20, 2004  Bert Allen Toyota filed a motion for a stay without bond and to set aside the "Judgment Regarding Bond and Enforcement." Bert Allen Toyota argued that, with the language explaining how Bert Allen was to specifically perform, the trial court had impermissibly modified the final judgment.
March 30, 2005  The chancery court entered an "Order Denying Motion to Set Aside and Granting Stay With Bond." The court granted the motion for a stay pending appeal so long as Bert Allen Toyota posted a bond in the amount of 125% of $15,017.50. The chancellor also found that the "Judgment Regarding Bond and Enforcement" did not modify the final judgment. The court observed that, in its bench opinion awarding specific performance, the court had expressed that in all likelihood it would be difficult for Bert Allen to locate a 2003 truck. The court further stated:
The court did not modify the Final Judgment in the Judgment Regarding Bond and Enforcement. What the court did, and continues to do in response to the contention of Bert Allen Toyota that specific performance in this case is impossible, is merely reiterate the explanation offered at the original trial on how specific performance could be accomplished, and that was for the "dealership . . . [to] find or get another car identical or substantially the same as the 1993[sic] model because . . . the most equitable decision is to let the dealership provide [Grasz] with a [current model] car at that agreed-upon price . . ." It is implicit that a vehicle "identical or substantially the same" would be a current *362 year vehicle when the delivery is finally made. This interpretation of the Court Order is not only logical, equitable and fair to all parties, it also eliminates the concerns of Bert Allen Toyota that it cannot comply with the Court Order.
April 8, 2005  Bert Allen Toyota filed a notice of appeal from the Judgment Regarding Bond and Enforcement and the Order Denying Motion to Set Aside Judgment Regarding Bond and Enforcement.
¶ 5. On August 23, 2005 this Court handed down its judgment affirming the final judgment in part and reversing and remanding in part for the chancery court "to determine whether Bert Allen Toyota is unable to supply an unused 2003 truck with the appropriate options Grasz specified." Bert Allen Toyota, 909 So.2d at 771(¶ 24). We further stated that, "if the chancellor finds that it is not feasible for Bert Allen Toyota to supply an unused 2003 vehicle, the chancellor is free to fashion other equitable remedies."[1]Id. at 771(¶ 25).
LAW AND ANALYSIS
I. THE TRIAL COURT ERRED IN RENDERING A SECOND "JUDGMENT REGARDING BOND AND ENFORCEMENT" WHEREIN THE COURT ATTEMPTED TO MODIFY OR CORRECT ITS PREVIOUS JUDGMENT WITHOUT NOTICE TO OR OPPORTUNITY TO RESPOND BY APPELLANT.
II. THE TRIAL COURT ERRED IN ATTEMPTING TO MODIFY OR CORRECT ITS PREVIOUS JUDGMENT, WHEN NO MOTION WAS BEFORE THE COURT PURSUANT TO RULE 59 Or. 60 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.
III. THE TRIAL COURT ERRED IN REFUSING TO SET ASIDE ITS "JUDGMENT REGARDING BOND AND ENFORCEMENT."
¶ 6. In a single argument addressing all three issues, Bert Allen Toyota challenges the chancellor's extrapolation in the "Judgment Regarding Bond and Enforcement" on how Bert Allen Toyota could satisfy the specific performance that was ordered in the final judgment. Specifically, Bert Allen complains that the final judgment awarded specific performance of a "Model 7113, 2003 Tacoma 4×2 truck, deal number 15031 for the price of $15,017.50, as more fully identified on page 4 of Exhibit 1 in evidence," while the subsequent "Judgment Regarding Bond and Enforcement" stated, "Bert Allen Toyota shall deliver to Grasz a Tacoma 4×2 truck with the exact features and amenities ordered in April 2003, for the sales price of $15,017.50. The truck shall be model year 2003 or later." Bert Allen Toyota argues that, in specifying that Bert Allen Toyota could comply with the final judgment by supplying a truck from a model later than 2003, the chancery court erroneously changed, altered, modified or corrected the final judgment.
¶ 7. The filing of a notice of appeal transfers jurisdiction of a matter from the lower court to the appellate court, divesting the lower court of authority to amend, modify, or reconsider its judgment.[2]McNeil v. Hester, 753 So.2d 1057, *363 1075(¶ 68) (Miss.2000). However, though an appeal is pending, "the appellee may execute on the decree in the lower court, providing the appeal is without a supersedeas bond and that the court does not in any way broaden, amend, modify, vacate, clarify, or rehear the decree." Ladner v. Ladner, 843 So.2d 81, 83(¶ 5) (Miss.Ct. App.2003) (citing McNeil, 753 So.2d at 1075(¶ 68)). An order that does so exceeds the subject matter jurisdiction of the lower court and must be vacated as null and void. McNeil, 753 So.2d at 1075(¶ 68). "Where an appeal is with supersedeas, the case is so far removed to the appellate court that even steps taken pursuant to enforcement and execution of the decree are stayed." In re Estate of Moreland, 537 So.2d 1345, 1347 (Miss.1989). Of course, if a notice of appeal is filed before the trial court disposes of certain posttrial motions, the notice of appeal will not ripen into an effective appeal until after disposition of the posttrial motions. M.R.A.P. 4(d); Howard v. Howard, 913 So.2d 1030, 1038(¶ 15) (Miss.Ct.App.2005).
¶ 8. At the time that the chancellor entered the "Judgment Regarding Bond and Enforcement," all posttrial motions had been disposed of and Bert Allen Toyota's appeal without supersedeas was pending. Though the chancery court was empowered to determine the issues concerning a stay of the final judgment, bond, and enforcement of the judgment, the chancellor was without jurisdiction to broaden, amend, modify, vacate, clarify or rehear the final judgment. Ladner, 843 So.2d at 83(¶ 5). Clearly, the chancellor's statements in the "Judgment Regarding Bond and Enforcement" and in the "Order Denying Motion to Set Aside and Granting Stay With Bond" evinced the chancellor's beneficent intention to facilitate Bert Allen Toyota's compliance with the final judgment. Nonetheless, it is equally clear that the function of those statements was, at most, to broaden and, at least, to clarify the final judgment. The final judgment ordered Bert Allen Toyota to specifically perform the contract by providing Grasz with an unused 2003 Toyota Tacoma truck with certain specifications for the price of $15.017.50. Bert Allen Toyota appealed from the final judgment, arguing inter alia that it was impossible to specifically perform the contract because it lacked access to an unused 2003 model truck. In the chancery court's subsequent orders entered during the pendency of the appeal, the court opined that it was implicit in the final judgment that Bert Allen Toyota could specifically perform by providing Grasz with an unused truck from a model year later than 2003. But, due to the pendency of the appeal, the chancery court was without jurisdiction to broaden or clarify the relief awarded in the final judgment. Therefore, those portions of the "Judgment Regarding Bond and Enforcement" and the "Order Denying Motion to Set Aside and Granting Stay With Bond" that order Bert Allen Toyota to provide Grasz with a truck from a model year subsequent to 2003 or with a current model year truck are void. McNeil, 753 So.2d at 1075 (¶ 68).
¶ 9. We already have observed that our reversal little avails Bert Allen Toyota. Over a year ago, in Bert Allen Toyota I, 909 So.2d at 771(¶ 25), this Court remanded the case and ordered the chancellor to fashion other equitable remedies if he *364 finds that Bert Allen Toyota is unable to provide Grasz with an unused 2003 truck with the options Grasz specified. Therefore, after this appeal, Bert Allen Toyota remains subject to the chancellor's broad remedial powers.[3] For this reason and because the chancellor's erroneous actions were sua sponte and not upon motion of Grasz, we find that the costs of this appeal are fairly assessed to Bert Allen Toyota. M.R.A.P. 36(a).
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.
NOTES
[1] On August 17, 2005, several days before Bert Allen Toyota v. Grasz I was handed down, Bert Allen Toyota moved to consolidate this appeal with its other pending appeal from the final judgment. On September 7, 2005, the Supreme Court denied the motion to consolidate the appeals.
[2] An exception to this rule is provided by Mississippi Rule of Civil Procedure 60(b), which provides the lower court with limited concurrent jurisdiction to grant relief from the judgment though an appeal has been perfected. See Estate of Moreland, 537 So.2d at 1347 n. 1 (Miss.1989). This exception is inapplicable in this case because the "Judgment Regarding Bond and Enforcement" did not adjudicate a Rule 60(b) motion made within six months after the entry of final judgment.
[3] We mention that, while the chancery court's equitable powers are "as broad as equity and justice require," they are not unbridled. R.N. Turnbow Oil Investments v. McIntosh, 873 So.2d 960, 963(¶ 14) (Miss.2004); Hall v. Wood, 443 So.2d 834, 842 (Miss.1983). It is the opinion of this Court that, if an unused 2003 truck cannot be provided, the chancellor should carefully fashion a remedy that is truly equitable to both Grasz and Bert Allen Toyota, and that any truck awarded should be comparable to the unused 2003 model that was the subject of the original contract.